## Exhibit A

## Winding-Up Order

## Order Appointing Joint Provisional Liquidators

IN THE SUPREME COURT OF BERMUDA

COMMERCIAL COURT

COMPANIES (WINDING UP)

2011: No. 369

IN THE MATTER OF GEROVA FINANCIAL GROUP, LTD
COMPANY NO: 44558

AND IN THE MATTER OF THE COMPANIES ACT 1981

---

ORDER

FOR WINDING-UP BY THE COURT

---

20th day of July 2012

**UPON HEARING** the Amended Petition of Maxim Group LLC (the "Petitioner"), who was substituted as Petitioner by Order of this Court dated 19 March 2012, in circumstances where the original Petition was presented on 7 October 2011, the original Petition was amended by Order of this Court dated 19 March 2012, the Amended Petition was served on Gerova Financial Group, Ltd ('the Company') on 10 April 2012, and the Amended Petition was preferred unto the Court

**AND UPON** the Court having handed down a written Judgment dated 5 July 2012 at the hearing on 6 July 2012 ('the Judgment'), further to the Court's written Ruling dated 19 March 2012 ('the Ruling')

**AND UPON** the Court having made an Unless Order against the Company dated 6 July 2012

1

**AND UPON** the Court finding that the Unless Order dated 6 July 2012 has not been complied with by the Company, since the Company has failed to pay the sum of US$2,250,000.00 in cleared funds into the client account of Sedgwick Chudleigh, as Attorneys for the Petitioner by the prescribed time for compliance, as extended by the Order of 13 July 2012, being the conclusion of the hearing of the Amended Petition at 9.30 am (Bermuda time) on Friday 13 July 2012

**AND UPON** the Court having read the Amended Petition, the affidavits of David Molner, dated 11 October 2011, Eric Seal, dated 11 October 2011, and Marshall Manley, dated 11 October 2011, verifying the original Petition, and the affidavits of David Molner, dated 17 January 2012, and Edward Rose, dated 17 April 2012, verifying the Amended Petition, the affidavit of Katie Titterton, dated 2 November 2011, exhibiting advertisements of the original Petition, in the Bermuda Sun of 26 and 28 October 2012, and the affidavit of Barbara Chasty, dated 8 June 2012, exhibiting advertisements of the Amended Petition, in the Bermuda Sun of 30 May and 1 June 2012, and the affidavit of Mark Chudleigh, dated 18 July 2012

**AND UPON HEARING** Counsel for the Petitioner and Counsel for the Company on 20 July 2012

**IT IS HEREBY ORDERED BY THE COURT THAT:-**

1. The said GEROVA FINANCIAL GROUP, LTD be wound up by this Court under the provisions of the Companies Act 1981;

2. Michael W. Morrison and Charles Thresh of KPMG Advisory Limited, Bermuda, and John McKenna of Finance & Risk Services Ltd., Bermuda, be and are hereby appointed as Joint Provisional Liquidators of the affairs of the said GEROVA FINANCIAL GROUP, LTD, with power to act jointly and severally, and with all of the powers set out in Section 175 of the Companies Act 1981 and conferred by law and/or by further Order of this Court, including, but not limited to, the following powers:

2.1 the power, if deemed necessary and/or appropriate by the Joint Provisional Liquidators, to seek recognition by and the assistance of the Courts in the United Kingdom, the United States of America, and/or the Cayman Islands, and/or the British Virgin Islands and/or elsewhere as deemed necessary and appropriate to secure and collect the assets of the Company in that jurisdiction (for which purposes the Joint Provisional Liquidators are hereby designated and appointed as the foreign representatives of the Company), including the power to make applications to the Courts of such jurisdictions for those purposes;

2.2 the power to retain and employ barristers, attorneys or solicitors and/or such other agents, brokers or other professional persons as the Joint Provisional Liquidators deem fit, in Bermuda, the United Kingdom, the United States of America, and/or the Cayman Islands, and/or the British Virgin Islands and/or elsewhere as the Joint Provisional Liquidators deem appropriate for the purpose of advising and assisting in the execution of the Joint Provisional Liquidators' powers;

2.3 the power to render and pay invoices out of the assets of the Company for their own remuneration at their usual and customary rates (and this shall include all costs, charges and expenses of their attorneys, and all other agents, managers, accountants, or other persons that the Joint Provisional Liquidators may employ);

and, for the avoidance of doubt, the powers conferred on the Joint Provisional Liquidators both by section 175 of the Companies Act 1981 and by law and by any Order of this Court may be exercised by the Joint Provisional Liquidators both within and outside Bermuda

3. In respect of any act which under the Companies Act 1981 is required to be done by a Liquidator or to be authorised by a Liquidator, each of the Joint Provisional Liquidators may do such act or give such authorisation.

4. The Petitioner's costs of and occasioned by and incidental to the Amended Petition (including the Petitioner's costs of and occasioned by the Petitioner's application for substitution and amendment of the Petition by its Summons dated 3 February 2012) shall be taxed on an indemnity basis (if not agreed) and paid out of the assets of the said Company as a first priority, pursuant to Rule 140 of the Companies (Winding Up) Rules 1982.

5. The Company's costs and any questions as to the liability to the Petitioner of third parties are reserved and adjourned with liberty to restore on notice to the Company and any interested party.

The Honourable Chief Justice Dr Ian R. C. Kawaley
**SUPREME COURT OF BERMUDA**

DATED THIS 20th day of July 2012

**NOTE: It will be the duty of the secretary or the chief officer of the company and of such of the persons who are liable to make out or concur in the making of the Company's statement of affairs, as the Joint Provisional Liquidators may require, to attend on the said Joint Provisional Liquidators at such time and place as they may appoint and to give them all information they may require.**

IN THE SUPREME COURT OF BERMUDA

COMMERCIAL COURT

COMPANIES (WINDING UP)

2011: No. 369

IN THE MATTER OF GEROVA FINANCIAL GROUP, LTD
COMPANY NO: 44558

AND IN THE MATTER OF THE COMPANIES ACT 1981

---

ORDER

FOR WINDING UP BY THE COURT

---





**SEDGWICK CHUDLEIGH**
E.W. Pearman Building,
20 Brunswick Street,
Hamilton, HM 10, Bermuda
Attorneys for the Petitioner
MGC/11458.000001

5

IN THE SUPREME COURT OF BERMUDA
COMMERCIAL COURT
COMPANIES (WINDING-UP)
2012: No.

IN THE MATTER OF GEROVA HOLDINGS LTD.

AND IN THE MATTER OF THE COMPANIES ACT 1981

ORDER APPOINTING JOINT
PROVISIONAL LIQUIDATORS

**UPON THE APPLICATION** of the Petitioner, Gerova Financial Group Ltd. (in liquidation)

**AND UPON READING** the Petition of the Petitioner filed herein and the Affidavit of James Bennett sworn on 15 August 2012 and the exhibit thereto

**IT IS HEREBY ORDERED** as follows:

1. That Michael Morrison and Charles Thresh of KPMG Advisory Ltd., Bermuda and John McKenna of Finance & Risk Services Ltd. be appointed as joint and several provisional liquidators ("JPLs") of Gerova Holdings Limited (the "Company") with all the powers set out in Section 175 of the Companies Act 1981 and conferred by law and/or by further Order of this Court, including, but not limited to, the following powers:

    (a) to continue the business of the Company and under the supervision of this Court in so far as is necessary, to preserve the value of the Company and to liaise with investors, clients and customers as required;

(b) to review, secure, take possession of and copy any books, papers, writings, financial records, documents and records relating to the Company and its activities, accounts and/or audit of the Company's accounts that are located in its registered office and/or the offices of its auditors or any other person both in this jurisdiction and in any other jurisdiction;

(c) to open and operate bank accounts in the name of the JPLs or the Company as may be necessary;

(d) to conduct such investigations and obtain such information as is necessary to locate, protect, secure, take possession of, collect the assets and determine the liabilities of the Company, or to enable these proceedings to move forward in an expeditious manner; to do all such things as may be necessary or expedient for the protection of the Company's assets or property;

(e) to terminate, complete or perfect as advised any contracts or transactions relating to the business of the Company;

(f) to rank and claim in the bankruptcy, liquidation or insolvency of any person (including but not limited to any corporate entity) indebted to the Company and to receive dividends, distributions and to accede to trust deeds for the creditors of any such person;

(g) to carry out in particular the following where deemed appropriate:

    (ii) the maintenance of the Company's existing bank accounts, existing cash management systems (including the funding out of the assets of the Company of the operation of the Company and its subsidiaries) and, so far as permissible under Bermuda law, the continued use of the Company's existing business forms;

    (iv) the sale or other disposition of any business operation, subsidiary, division or other significant asset of the Company; and

(v) the incurrence of indebtedness or borrowed money, whether pursuant to agreements with suppliers or pursuant to loan arrangements with financing institutions and/or to grant security in respect of same and/or to guarantee such indebtedness or borrowed money of affiliates;

(l) if deemed necessary and/or appropriate by the JPLs, the power to seek recognition by and the assistance of the Courts in Bermuda, the United States, the United Kingdom, the Cayman Islands, the British Virgin Islands, Barbados and elsewhere as deemed appropriate to secure and collect the assets of the Company in that jurisdiction (for which purposes the JPLs are hereby designated and appointed as the foreign representatives of the Company), including the power to make applications to the Courts of such jurisdictions for those purposes;

(m) to retain and employ barristers, attorneys or solicitors and/or such other agents or professional persons as the JPLs deems fit, in Bermuda, the United States, the United Kingdom, the Cayman Islands, the British Virgin Islands, Barbados and elsewhere as the JPLs deems appropriate for the purpose of advising and assisting in the execution of the JPLs' powers;

(n) to render and pay invoices out of the assets of the Company for his own remuneration at his usual and customary rates (and this shall include all costs, charges and expenses of his attorneys, and all other agents, managers, accountants or other person that the JPLs may employ);

(o) if deemed necessary and/or appropriate, to seek the assistance of the Bankruptcy Court in the US under the provisions of Chapter 15 of the United States Bankruptcy Code or take such other action in the US or elsewhere to secure the assets of the Company in that jurisdiction;

(p) to do all things incidental to the exercise of the foregoing powers.

2. For the avoidance of doubt, no payment or disposition of the Company's property

shall be made or effected without the approval of the JPLs, but no such payment or other disposition made or effected by or with the authority of the JPLs in carrying out his duties and functions and in the exercise of his powers under this Order shall be avoided by virtue of the provisions of section 166 of the Companies Act 1981.

3. In respect of any act which under the Companies Act 1981 is required to be done by a Liquidator or to be authorized by a Liquidator, each of the JPLs may do such act or give such authorisation.

4. The JPLs shall be at liberty to submit to the Registrar of the Supreme Court of Bermuda bills of costs for taxation for all costs, charges and expenses of those persons or firms employed by him and such taxation shall be on an attorney and own client basis with respect to attorneys and on an equivalent basis for all managers, accountants or other persons.

Dated this ____ day of August 2012

Chief Justice