**Hogan Lovells**

Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

March 25, 2014

**BY Email**

Honorable Judge Allan L. Gropper
One Bowling Green
New York, NY 10004-1408
Courtroom: 617

Re: In re Gerova Financial Group, Ltd, et al., Case No. 12-13641 (ALG)

Dear Judge Gropper:

We represent the Foreign Representatives in the above-referenced Chapter 15 case, and we write to respectfully request an adjournment of tomorrow's hearing on the Foreign Representatives' Motion to Approve Settlement.

On Friday afternoon, March 21, a dispute arose with respect to the division of certain assets subsequent to the so-called "Stillwater Unwind" contemplated by the proposed settlement. Under the terms of the Global Settlement Agreement, "[i]f any disputes arise between the Parties in connection with the terms of [the] GSA or documentation thereof . . . such disputes shall be presented for mediation before Mediator Michael Young. If the Parties fail to reach a resolution in the mediation twenty one (21) days . . . after both presenting the dispute for mediation and the Parties meeting with Mediator Michael Young, the Parties shall submit the matter to the District Court or the Bankruptcy Court for final resolution, depending on the disputed issue."

I am informed that counsel in the related *In re Stillwater Asset Backed Offshore Fund Ltd.* matter intends to go forward tomorrow morning on its Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for Entry of an Order Approving the Global Settlement Agreement and Stillwater Agreement.

The Foreign Representatives object to the entry of an Order granting Stillwater's motion. The entry of such an Order would not only amount to a ruling on a matter that must, under the terms of the GSA, be mediated in the first instance, but would also not further a final disposition of

Honorable Judge Gropper                                    -2-

these matters because the GSA only will become effective upon the entry of an Order approving the settlement in *this* Chapter 15 case.

The appropriate course, consistent with the terms of the GSA, is for the parties to first mediate their dispute. Absent a mediated resolution, the parties could present their dispute for the Court's adjudication, and then proceed on those terms.

Respectfully submitted,

Scott W. Reynolds

cc: Douglas Spelfogel
    Dina Gielchinsky